UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAWN MEUCCI,<br>         *Plaintiff*,<br><br>     *v.*<br><br>CITY OF HARTFORD,<br>         *Defendant.* | Civil No. 3:11CV766 (JBA)<br><br><br><br>April 26, 2012 |

RULING ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Defendant City of Hartford has filed counterclaims against Plaintiff Dawn Meucci, alleging vexatious litigation under the common law and Conn. Gen. Stat. § 52-568. Plaintiff moves [Doc. # 18] to dismiss the counterclaims. For the reasons discussed below, Plaintiff's motion to dismiss will be granted.

I.     Counterclaim Allegations[1]

Defendant's counterclaims allege that Ms. Meucci acted with "malice when she sought and secured a release of jurisdiction from the CHRO and continued to pursue disability discrimination claims against the City of Hartford." (*Id.* ¶ 19.) Defendant alleges that she was seeking by her disability discrimination claim, "to advance her personal career expectations in an effort to be appointed to a position of Administrative Operations Manager" (*id.* ¶ 20), but had no probable cause to bring her disability discrimination claim because it had been dismissed by the Office of Human Relations, and because her two grievances were resolved by way of settlement, "to the satisfaction of the city" (*id.* ¶ 21).

---

[1] Because the motion to dismiss addresses exclusively the substance of Defendant's Counterclaim, the following facts are taken only from the allegations contained in Defendant's Counterclaim [Doc. # 9].

Defendant identifies these three claims of Plaintiff's, one of which was found to be without merit,[2] and the other two which were settled in the grievance process, as forming the basis for its vexatious litigation counterclaims.[3]

In her motion to dismiss Defendant's Counterclaims, Plaintiff argues that because the basis for the counterclaims is the allegation that Plaintiff's *present* litigation amounts to vexatious litigation, and the present litigation has not yet concluded, Defendant cannot satisfy the essential elements for bringing a common law or statutory action for vexatious litigation.

---

[2] On November 5, 2008, Ms. Meucci filed a complaint with the City of Hartford Office of Human Relations, alleging that she was "denied promotion by the now former Director of Metro Hartford Information Services" ("MHIS"). (*Id.*) On June 29, 2009, following an investigation, Ms. Elda Sinani concluded that Ms. Meucci had not been discriminated against, as an Administrative Operation Manager position was "never opened or ever existed as an opportunity for promotion in MHIS." (*Id.* ¶ 5.) This conclusion was "affirmed" by Ms. Lillian Ruiz, Director of the Office of Human Relations, on June 30, 2009. (*Id.* ¶ 6.) The City acknowledges that "one might question claims resolved by an internal body of a municipality such as the now defunct Office of Human Relations," and focuses instead on the two grievances with the State Board of Labor Relations as the substance of its Counterclaim. (Def.'s Mem. Opp'n [Doc. # 20] at 2.)

[3] In 2009, Ms. Meucci claimed that "non–HMEA employee Miriam Rodriguez commenced performing many of the duties theretofore performed by HMEA employee Dawn Meucci," thus "reducing Ms. Meucci's work load and subjecting her to adverse job action." (*Id.* ¶ 7.) On December 23, 2009, the grievance was settled, which required a withdrawal of Ms. Meucci's claim with prejudice (*id.* ¶ 8), and the State Board of Labor Relations confirmed that the grievance had been closed with prejudice (*id.* ¶ 9). Ms. Meucci also filed a second grievance which was resolved on April 28, 2010, and pursuant to the terms of the second settlement agreement, the City of Hartford agreed to move Mr. Meucci to a cubicle that was ADA compliant. (*See id.* ¶¶ 17–18.)

II.     Discussion[4]

"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action." *Vandersluis v. Weil*, 176 Conn. 353, 356 (1978). "[A] a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." *Blake v. Levy*, 191 Conn. 257, 264 (Conn. 1983) (citing *Vandersluis v. Weil*, 176 Conn. 353, 356 (1978)) .

Defendant maintains that its vexatious suit claims do not rely on this pending action, but instead arise from (1) the dismissal of Plaintiff's disability discrimination claim by the internal Office of Human Relations, (2) her first grievance, which was resolved by way of settlement with prejudice, "to the satisfaction of the City," and (3) her second grievance, which was also resolved by way of settlement, "in Ms. Meucci's favor, but to the satisfaction of the City." (Def.'s Opp'n at 1–2.)

However, the express allegations of Defendant's counterclaims describe the substance of Ms. Meucci's "vexatious" actions as:

---

[4] The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and a defendant may move to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir.2010). A complaint will not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or if "the well–pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1949–50.

> 19. *Ms. Meucci acted with malice* when she sought and secured a release of jurisdiction from the CHRO and continued to pursue disability discrimination claims against the City of Hartford. . . .
> 21. *Ms. Meucci did not act with probable cause* in proceeding with her disability discrimination claim because 1) it had been dismissed by the Office of Human Relations, 2) her first grievance was resolved by way of a settlement with prejudice, . . . to the satisfaction of the City and 3) her second grievance was resolved by way of settlement in Ms. Meucci's favor, but to the satisfaction of the City.
> 22. *The actions of Ms. Meucci in bringing an ADA and Connecticut Fair Employment Practices Act* claim are vexatious.

(Counterclaims ¶¶ 19–22) (emphasis added).

The express language of the Counterclaim allegations focuses on Plaintiff's bringing an "ADA and Connecticut Fair Employment Practices Act claim," which is what the *present* action and its prerequisite administrative complaint encompass. Defendant does not allege termination in its favor of the CFEPA complaint to the CHRO, only that the CHRO released jurisdiction (as required to commence a civil action under Conn. Gen. Stat. § 46a-101).

Further, even if the CHRO complaint and the two grievances are viewed separately from this case, and even if the grievances were "resolved . . . to the satisfaction of the city" (Counterclaim ¶ 22), they are not alleged to have terminated in the City's favor, and the counterclaims contain no allegation that Plaintiff ever initiated any other civil action related to these complaints, aside from this lawsuit.[5] In the absence of any other civil actions that could constitute vexatious litigation, and as this litigation has not yet concluded, Defendant has not alleged the essential elements that the litigation terminated in its favor, and thus has failed to state a claim under Rule 12(b)(6).

---

[5] Though Defendant's internal processing of Plaintiff's complaints and settlements of prior grievances cannot constitute "prior litigation" that terminated in Defendant's favor, evidence related to these complaints may find its way into the trial of this case.

III.    Conclusion

For the reasons discussed above, Plaintiff's motion to dismiss Defendant's counterclaims is GRANTED. Defendant's counterclaims are dismissed.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of April, 2012.